TAYLOR, Presiding Judge.
The appellant, Allan Joseph Butler, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced as an habitual offender to life in the state penitentiary.
The appellant’s sole contention on appeal is that the trial court committed reversible error when it denied his motion for a continuance. The evidence tended to show that the appellant retained counsel on October 7, 1994, approximately one month before the trial date. On November 6, the morning of the trial, the appellant filed a motion requesting a continuance. The appellant’s counsel explained that she had been involved in jury trials for the two weeks prior to the appellant’s trial, and had not had much contact with the appellant. Counsel further stated that it was only on November 5, the day before trial, that the appellant supplied her with the name of a possible eyewitness. She said that she and the appellant had been on the telephone continually with friends and family trying to locate this possible witness. The appellant’s counsel requested a one-week continuance to locate and interview the witness. The trial court denied this request.
The decision to grant or to deny a continuance is within the sound discretion of the trial court, and that decision will not be overturned absent an abuse of that discretion. Arnold v. State, 601 So.2d 145 (Ala.Cr.App.1992). The Alabama Supreme Court has described the standard to be used in determining whether a motion for a continuance should be granted:
“If the following principles are satisfied, a trial court should grant a motion for continuance on the ground that a witness or evidence is absent: (1) the expected evidence must be material and competent; (2) there must be a probability that the evidence will be forthcoming if the ease is continued; and (3) the moving party must have exercised due diligence to secure the evidence.”
Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala.1986).
After reviewing the facts under these guidelines, we conclude that the trial court did not abuse its discretion in denying the appellant’s motion for a continuance. The appellant’s motion did not satisfy any of the elements set out in Saranthus.
The record does not reveal that the expected evidence would be material and competent. The appellant did not state what he expected the testimony of the possible eyewitness to be nor did he specify how that testimony would be material to the case. “The mere assertion by counsel that the wit *152 ness’s testimony is ‘material to our case’ is simply not sufficient to establish that the testimony is ‘material and competent.’ ” Arnold, 601 So.2d at 156.
The record does not establish a probability that the evidence would be forthcoming if the court granted the continuance. The appellant and his counsel spent an entire day trying to locate the possible eyewitness, and they gave no evidence of progress. Indeed, the trial court stated that the appellant’s failure to reveal to his counsel the name of a possible eyewitness until the day before trial was damaging to the credibility of the claim and smacked of delaying tactics. Additionally, the prosecution testified that it had conducted its own investigation and had not found any potential eyewitnesses to the crime.
Finally, the record does not support the appellant’s contention that he exercised due diligence to secure the evidence. The trial court noted that the appellant had an entire month to give the name of the eyewitness to his counsel. Additionally, the appellant had two face-to-face conversations with his counsel and several telephone conversations. Despite the busy schedule of the appellant’s counsel during the two weeks before trial, the court concluded that the appellant had ample opportunity to make this evidence known.
For the foregoing reasons, the circuit court did not abuse its discretion in denying the appellant’s motion for a continuance. The appellant’s conviction is affirmed.
AFFIRMED.
All the Judges concur.